UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN DANIEL BARTKOWIAK, JR.,

                          Plaintiff,

     v.                                         **DECISION AND ORDER**
                                                     08-CV-459S

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.

1. Plaintiff John Daniel Bartkowiak, Jr., challenges an Administrative Law Judge's ("ALJ") determination that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled due to right knee dysfunction, left ankle ostheoarthritis, thoracolumbar spine dysfunction, sleep apnea, obesity, and an adjustment disorder since March 2, 2005. Plaintiff contends that his impairments render him unable to work. He therefore asserts that he is entitled to disability benefits under the Act.

2. Plaintiff filed applications for Disability Insurance benefits ("DIB") and Supplemental Security Income ("SSI") on June 17, 2005, and June 29, 2005, respectively. Plaintiff's applications were initially denied, prompting Plaintiff to request a hearing before an ALJ. The ALJ conducted a hearing on December 3, 2007, at which time Plaintiff appeared with counsel and testified. The ALJ considered the case *de novo*, and on December 17, 2007, issued a written decision denying Plaintiff's applications for benefits. On May 6, 2008, the Appeals Council denied Plaintiff's request for review. Plaintiff filed

1

this action challenging Defendant's final decision on June 20, 2008.[1]

3. The parties subsequently filed Motions for Judgment on the Pleadings.[2] After full briefing, this Court deemed oral argument unnecessary and took the motions under advisement on January 21, 2009. For the following reasons, Defendant's motion is granted and Plaintiff's motion is denied.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the

---

[1] The ALJ's decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

[2] Defendant filed his Motion for Judgment on the Pleadings on November 26, 2008, (Docket No. 4), while Plaintiff filed his Motion on December 3, 2008 (Docket No. 6).

Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. § § 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since March 2, 2005 (R. at 15[3]); (2) Plaintiff's combination of right knee dysfunction, left ankle ostheoarthritis, thoracolumbar spine dysfunction, sleep apnea, obesity, and adjustment disorder, constitute a "severe" impairment within the meaning of the Act (R. at 15); (3) Plaintiff's medically-determinable impairments do not meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulation No. 4 (R. at 17); (4) Plaintiff retained the residual functional capacity ("RFC") with certain restrictions (R. at 17[4]); (5) Plaintiff is unable to perform any of his past relevant work, but based on his age, education, work experience, and RFC, Plaintiff is capable of performing sedentary work, including a brake liner coater, a surveillance system monitor, or a jewelry preparer.

---

[3] Citations to the underlying administrative record are designated as "R."

[4] In particular, the ALJ found that Plaintiff could perform incidental stair climbing, could only occasionally deal with the public, co-workers, and supervisors, and needs to alternate between sitting and standing.

4

Ultimately, the ALJ concluded that Plaintiff was not under a disability as defined by the Act from March 2, 2005, through the date of his decision. (R. at 20.)

10. Plaintiff argues that the ALJ erred by failing to re-contact Dr. David Deberny to allow him to clarify his conflicting medical opinions. (Pl.'s Mem., pp. 5-7.[5]) For instance, in a physical capacity evaluation dated January 24, 2006 ("January opinion"), Dr. Deberny indicated that Plaintiff had the capacity to sit for up to six hours, and stand and walk for two hours during an eight hour work day. (R. at 154.) But in an opinion dated November 21, 2007 ("November opinion"), Dr. Deberny stated that Plaintiff only had the ability to sit for about two hours, and needed to have his legs elevated for two hours during an eight hour work day. (R. at 247.)

Recontacting medical providers is necessary when the ALJ cannot make a disability determination based on the evidence of record. 20 C.F.R. § 404.1512(e). Additional evidence or clarification is sought when there is a conflict or ambiguity that must be resolved, when the medical reports lack necessary information, or when the reports are not based on medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 404.1512(e)(1); Rosa v. Callahan, 168 F.3d 72, 80 (2d Cir. 1999); Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir. 1998). But the ALJ may make a disability determination even if "the evidence . . . , including any medical opinion(s), is inconsistent with other evidence or is internally inconsistent, [so long as the ALJ weighs] all of the evidence and see[s] whether [he] can decide whether [plaintiff is] disabled based on the evidence." 20 C.F.R. § 404.1527(c)(2).

---

[5] Referring to Plaintiff's Memorandum of Law in Support of the Motion for Judgment on the Pleadings. (Docket No. 6.)

11. Having reviewed the evidence at issue, this Court finds no reversible error in the ALJ's treatment of Dr. Deberny's opinions. The ALJ resolved the inconsistencies by granting more weight to Dr. Deberny's January opinion because he found it was supported by medical evidence, whereas the November opinion was based on Plaintiff's subjective statements and was a "check-block form [] clearly completed for litigation purposes (pursuit of the claim for disability insurance benefits and supplemental security income)." (R. at 18.) The ALJ further supported his conclusion that Plaintiff was not disabled through the opinions of Drs. Feddy Eid and Christine Holland, which he found were well supported and consistent with the record as a whole. (R. at 15-16, 18.) Because there was sufficient evidence in the record from which the ALJ could make a disability determination, there was no obligation to recontact Dr. Deberny, and this Court finds that the ALJ committed no error.

12. After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision in this case, including the objective medical evidence and medical opinions contained therein. This Court is satisfied that the ALJ thoroughly examined the record and afforded appropriate weight to all of the medical evidence in rendering his decision that Plaintiff is not disabled within the meaning of the Act. Finding no reversible error, this Court will grant Defendant's Motion for Judgment on the Pleadings.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 4) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 6) is DENIED.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated: September 8, 2009
       Buffalo, New York

                                                  <u>/s/William M. Skretny</u>
                                                   WILLIAM M. SKRETNY
                                         United States District Judge